UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE ESTATE OF JENNIFER TIERNEY, *et al.*, | Case No. 1:08-cv-866 |
| Plaintiffs, | Weber, J.<br>Black, M.J. |
| vs. | |
| DAVID SHELLBERG, | |
| Defendant. | |

### REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS (Doc. 10) BE DENIED

This civil action is before the Court on Defendant's Motion to Dismiss (Doc. 10) and Plaintiffs' Memorandum in Opposition (Doc. 12).

### I. BACKGROUND

On December 12, 2008, Plaintiffs, the Estate of Jennifer Tierney, William Tierney, Patricia Tierney, and L.S., filed an Amended Complaint against Defendant, David Shellberg. (Doc. 1). Plaintiff's Amended Complaint sets forth claims for wrongful death, negligence, intentional infliction of emotional distress, and loss of consortium. (*Id*.) Plaintiffs allege that Defendant had an ongoing relationship with Jennifer Tierney ("Decedent") involving "intense and severe drug use." (*Id*., ¶11). Plaintiffs allege that on or about December 16, 2006, Defendant delivered drugs to Decedent, and that the use of such drugs ultimately caused Decedent's death on that date. (*Id*., ¶¶14-21).

On March 16, 2009, Defendant moved to dismiss the Amended Complaint. (Doc.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

10). A review of Defendant's Motion to Dismiss sets forth three possible bases for dismissal: (1) failure to state a claim upon which relief can be granted; (2) lack of personal jurisdiction; and (3) improper venue. Defendant contends that Plaintiffs' Amended Complaint was filed merely to harass him and has no merit as evidenced by the lack of any criminal charges having been brought against him. Defendant further contends that jurisdiction and venue in this Court are improper because Defendant has not entered the State of Ohio for a number of years.

## II. MOTION TO DISMISS

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step

is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).

### A. Failure to State a Claim

Defendant first contends that "[t]here is no factual basis for this claim as the Cincinnati Police Department has already determined." (Doc. 10). Defendant apparently argues that Plaintiffs cannot state a cause of action for wrongful death because no criminal charges arising from Decedent's death have been filed against him.

However, the fact that no criminal charges have been filed against Defendant does not preclude Plaintiffs from filing a wrongful death action. *See, e.g., U.S. v. National Ass'n of Real Estate Bds.*, 339 U.S. 485, 493-494 (1950) (stating that criminal actions and civil actions are independent of each other, and even "though the civil suit is bottomed on the same facts, it is not barred by [a] prior judgment of acquittal in the criminal case"); *see also Manley v. Rufus Club Mozambique, Inc.*, 111 Ohio App.3d 260, 675 N.E.2d 1342 (1996) (noting "qualitative differences between criminal and civil actions," such as "differing burdens of proof, rules of discovery and rules of evidence . . . [and] rules concerning privilege and self incrimination"). Thus, the mere absence of criminal charges against Defendant arising from the allegations in Plaintiffs' complaint does not preclude Plaintiffs from asserting a wrongful death action.

Accordingly, Defendants' Motion to Dismiss for failure to state a claim should be denied.

## B.  Personal Jurisdiction

Defendant next contends that the Court cannot exercise personal jurisdiction over him because he has no contacts with the State of Ohio.  However, at this stage of the litigation, in the absence of an evidentiary hearing on the issue of personal jurisdiction, the Court must analyze the pleadings "in a light most favorable" to Plaintiffs.  *See CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  And, in doing so, the Court must not "weigh the controverting assertions of the party seeking dismissal[.]" *Id*.

In determining whether a federal court has personal jurisdiction over a defendant, the law of the forum state applies, "subject to the limits of the Due Process Clause of the Fourteenth Amendment." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  Here, pursuant to Ohio's long-arm statute, courts "may exercise personal jurisdiction over a person who acts directly . . . as to a cause of action arising from the person's . . . "[c]ausing tortious injury by an act or omission in this state[.]"  Ohio Rev. Code § 2307.382(A)(3).

The Sixth Circuit recognizes two separate instances in which personal jurisdiction may be exercised pursuant to Ohio law:

> Jurisdiction may be found to exist either generally, in cases in which a defendant's "continuous and systematic" conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state, or specifically, in cases in which the subject matter of the

>lawsuit arises out of or is related to the defendant's contacts with the forum.

*Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006) (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir.1996)).

Plaintiff's Amended Complaint alleges both general and specific personal jurisdiction over Defendant. (Doc. 1, ¶3). Plaintiffs allege that Defendant systematically and continuously supplied drugs to Decedent in the State of Ohio and within the jurisdictional boundaries of this Court. (*Id*., ¶3). Further, Plaintiffs allege that Defendant's act of supplying Decedent with drugs at her Ohio residence on or about December 16, 2006 caused Decedent to die at her residence on that date. (*Id*., ¶¶4, 14-21). Construing these allegations in a light most favorable to Plaintiff, the Court has personal jurisdiction over Plaintiff, pursuant to Ohio Rev. Code § 2307.382(A)(3).

Further, in determining whether personal jurisdiction exists, the Court must "consider whether exercising personal jurisdiction . . . would be reasonable, *i.e.*, whether it would 'comport with 'traditional notions of fair play and substantial justice.'" *CompuServe*, 89 F.3d at 1267-1268 (quoting *Reynolds v. International Amateur Athletic Fed'n*, 23 F.3d 1110, 1117 (6th Cir. 1995)); *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987).

In evaluating this test, the Sixth Circuit has "identified three criteria to be satisfied if personal jurisdiction over a nonresident who is not generally engaged in activities within the forum state may be upheld[.]" *American Greetings Corp. v. Cohen*, 839 F.2d

1164, 1166 (6th Cir. 1988) (citing *Southern Machine Co. v. Mohasco Industries*, Inc., 401 F.2d 374, 381 (6th Cir.1968)).  The criteria are:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*American Greetings*, 839 F.2d at 1166.  When the first two criteria are met, "an inference arises that this third factor is also present." *CompuServe*, 89 F.3d at 1268.

Here, at this stage of the litigation, the elements for determining that personal jurisdiction may be exercised are satisfied.  Under the allegations of the Amended Complaint, Defendant's alleged activity in Ohio allegedly caused Decedent's death.  Under these circumstances, as alleged, the third criteria supporting personal jurisdiction can be inferred.

Accordingly, the undersigned concludes that Defendant's Motion to Dismiss for lack of personal jurisdiction should be denied.

### C.  Improper Venue

Plaintiffs asserts that venue is proper in this case pursuant to 28 U.S.C. § 1391(a), which provides that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State,

> (2) <u>a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred</u>, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. (Emphasis supplied.)

As set forth above, the allegations in the Amended Complaint assert that a substantial portion of the events alleged occurred within the judicial district of this Court.

Accordingly, Defendant's Motion to Dismiss this matter on the grounds of improper venue should be denied.

### D. Conclusion

Wherefore, for the reasons stated herein, **IT IS RECOMMENDED THAT** Defendant's Motion to Dismiss (Doc. 10) be **DENIED**.[2]


Date: September 25, 2009                     s/Timothy S. Black
                                             Timothy S. Black
                                             United States Magistrate Judge

---

[2] Defendant's motion also appears to include a request for Rule 11 sanctions because Plaintiffs' complaint is "without factual or legal basis." However, for the reasons stated above, Defendant's motion in this regard lacks merit.

-7-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE ESTATE OF JENNIFER            Case No. 1:08-cv-866
TIERNEY, *et al.*,

      Plaintiffs,              Weber, J.
                                Black, M.J.
vs.

DAVID SHELLBERG,

      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).